**In the Matter of James Dennis HERNDON.**

**Crim. No. 12421–N.**

United States District Court,
M. D. Alabama, N. D.

Jan. 7, 1971.

Ira DeMent, U. S. Atty., F. E. Leonard, Jr., Asst. U. S. Atty., Montgomery, Ala., and Dorothy E. Mead, U. S. Dept. of Justice, Washington, D. C., for the United States.

Perry Hubbard, Tuscaloosa, Ala., for Judge James Dennis Herndon.

Before GODBOLD, Circuit Judge, and JOHNSON and PITTMAN, District Judges.

## CRIMINAL CONTEMPT

### PER CURIAM.

This Court now concludes from the evidence presented in this case that James Dennis Herndon is guilty of criminal contempt of this Court. The basis for this conclusion is that on September 18, 1968, this Court issued a temporary restraining order in this case, which order was renewed on September 28, 1968 and again on October 8, 1968. While this temporary restraining order was dissolved by this Court on October 11, 1968, the United States Supreme Court on October 14, 1968, restored and reinstated this Court's temporary restraining order of September 18, 1968. After a hearing on October 18, 1968, the Supreme Court on October 19, 1968, again restored and reinstated this Court's order of September 18, 1968. The thrust of this order as entered by this Court on September 18, 1968, as the same pertained to Greene County, Alabama, was to order James Dennis Herndon, in his capacity as Probate Judge of Greene County, Alabama, to list the names of local National Democratic Party of Alabama candidates on the official ballot for the general election on November 5, 1968.

This Court finds from the evidence presented upon this question of criminal contempt that the failure of James Dennis Herndon to list local National Democratic Party of Alabama candidates on the ballot for Greene County, Alabama, for the November 5, 1968, general election was after the said James Dennis Herndon had actual knowledge of the temporary restraining order issued by this Court on September 18, 1968, and after the said James Dennis Herndon had actual knowledge that the Supreme Court of the United States had on October 14, 1968 and again on October 19, 1968, restored and reinstated this Court's order of September 18, 1968. The evidence in this case reflects, beyond a reasonable doubt, that James Dennis Herndon had actual knowledge of these orders. This Court further finds that the failure of James Dennis Herndon to list candidates Frenchie Burton, Vassie Knott, Harry C. Means, Levi Morrow, Sr., Robert Hines, and J. A. Posey, Sr., on the ballot for Greene County, Alabama, for the November 5, 1968, general election constituted a willful violation of the order of this Court of September 18, 1968, as restored and reinstated by the Supreme Court of the United States on October 14, 1968, and on October 19, 1968. This conduct on the part of Herndon, which was knowing and willful, constituted criminal contempt of this Court. Accordingly, it is the

Order, judgment and decree of this Court that James Dennis Herndon be and he is hereby adjudged guilty of criminal contempt of this Court for violating the order of this Court made and entered September 18, 1968, as restored and reinstated by the Supreme Court of the United States on October 14, 1968, and on October 19, 1968. It is the further

Order, judgment and decree of this Court that James Dennis Herndon be and he is hereby fined the sum of $300, which sum is to be paid to the Clerk of this Court within ten days from this date. It is the further

Order, judgment and decree of this Court that James Dennis Herndon be and he is hereby placed on probation for a period of one year from this date; this probationary sentence is subject to the general terms and conditions of probation on file in the Clerk's Office of this Court.